NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JENINA D. MAZON,

        Plaintiff-Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

        Defendant-Appellee.

No.    23-15243

D.C. No. 1:22-cv-00198-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Submitted February 9, 2024[**]
San Francisco, California

Before:  R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Claimant Jenina Mazon appeals the district court's decision affirming the

Commissioner of the Social Security Administration's denial of her applications

for disability insurance benefits under Title II and supplemental security income

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Title XVI of the Social Security Act. Mazon alleges disability due to a traumatic brain injury and skull fracture, as well as a seizure disorder, with symptoms of memory loss, depression, and anxiety. "We review the district court's order affirming the ALJ's denial of social security benefits *de novo* and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citations omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Mazon first challenges the ALJ's analysis of the medical opinions of her treating neurologist, Dr. Stecker, and the state's consultative examiner, Dr. Swanson. Under the applicable regulations, the ALJ was required to explain how persuasive she found these medical opinions based on two factors: supportability and consistency. *See* 20 C.F.R. § 1520c(b)(2); *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). The ALJ did so.

2.      As to Dr. Stecker, the ALJ reviewed his "Physician's Medical Source Statement" form questionnaire and found it unpersuasive because he "failed to provide any support for his opinion" and "included only conclusions regarding functional limitations without any rationale for those conclusions." In so doing, the ALJ adequately analyzed the supportability of Dr. Stecker's opinion. "While an opinion cannot be rejected merely for being expressed as answers to a check-

2

the-box questionnaire, the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (citations omitted).[1] As to the consistency of Dr. Stecker's opinion, the ALJ found his analysis inconsistent with Dr. Swanson's consultative examination and intelligence testing, and Mazon's own reporting of her ability to independently perform daily activities. These, too, are valid reasons to discount a physician's testimony. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (noting that inconsistency with independent clinical findings in the record or another doctor's opinion is an appropriate reason to reject a contradicted opinion of a treating physician).

3. Mazon's contention that the ALJ gave "undue weight" to the opinion of Dr. Swanson is not supported by the record. The ALJ merely found Dr. Swanson's analysis "somewhat persuasive" and expressly considered that Dr. Swanson rendered his opinion before Mazon started having seizures. At bottom, the ALJ's analysis of the supportability and consistency of Drs. Stecker's and Swanson's opinions is supported by substantial evidence.

4. Mazon asserts that the ALJ improperly rejected her testimony, which,

---

[1] While Mazon asserts that "support for [Dr. Stecker's] conclusions was included in his treatment notes," the record belies that assertion. As the district court noted, the lone treatment note that Mazon identifies indicates she was seen and examined by Dr. Fan Mo, DO, not Dr. Stecker.

she contends, supports a disability finding. Rejection of a claimant's testimony requires clear and convincing reasons. *See Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014). The ALJ provided such reasons in its partial rejection of her testimony.

The ALJ found Mazon's allegations of debilitating symptoms inconsistent with objective medical evidence in the record, including several neurological examinations in which Mazon was consistently observed to be alert and without significant deficiencies in her memory, attention, fund of knowledge, or concentration abilities. Moreover, the ALJ found Mazon's alleged symptoms inconsistent with reports of her admitted daily activities, such as one report from June 2020 in which a physical therapist wrote that Mazon lived with her boyfriend and "provides for [her] own needs with all [activities of daily living]." *See also Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."). The ALJ also noted that Mazon's failure to seek any mental health treatment was inconsistent with the alleged severity of her mental health symptoms. *See also Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) ("A claimant's failure to assert a good reason for not seeking treatment . . . can cast doubt on the sincerity of the claimant's pain testimony." (citation omitted)).

4

In sum, the ALJ identified clear and convincing reasons to discount the severity of Mazon's alleged symptoms. While Mazon on appeal criticizes various non-dispositive aspects of the ALJ's reasoning and suggests an alternative interpretation of the evidence, she has failed to establish reversible error. *See Ford*, 950 F.3d at 1154.

5. The ALJ determined at step five in the sequential disability evaluation that Mazon has the residual functional capacity to perform jobs that exist in significant numbers in the national economy and therefore denied social security benefits. Mazon challenges the ALJ's residual functional capacity determination based on her previous contentions that the ALJ improperly disregarded Dr. Stecker's opinion and her own subjective allegations. We reject this argument as it "simply restates" her previous arguments. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (rejecting a step-five argument that "simply restates" arguments about medical evidence and testimony).

**AFFIRMED.**